IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| E. DRAKE, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:18-cv-1365-K (BT) |
| § | |
| JONES LANG LA SALLE § | |
| SERVICES, INC., § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil rights action brought by Plaintiff E. Drake against a Dallas area property management company, Jones Lang LaSalle Service, Inc. Plaintiff initially filed this case in the Southern District of Illinois and filed a motion to proceed *in forma pauperis*. The Illinois federal court transferred the case to this district, where it appears the relevant events occurred and witnesses reside. *See* Transfer Ord. (ECF No. 5). Following the transfer, the District Court referred this case to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, Plaintiff's motion to proceed *in forma pauperis* should be DENIED, and his complaint should be DISMISSED based on sanctions imposed by the United States District Court for the Eastern District of Texas.

1

I.

Plaintiff is no stranger to the courts. Earlier this year, the Eastern District of Texas recounted some of Plaintiff's litigation history:

> Drake has a long history of vexatious litigation in the Eastern District of Texas and other districts across the United States and has been prohibited from proceeding *in forma pauperis* with any civil action in the Eastern District of Texas without first obtaining leave to proceed *in forma pauperis*. *See Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, No. 2:11-CV-00318-MHS-CMC (No. 11). Respondents' Motion includes a list of cases filed by Drake over the last seven years that is more than a page in length, including the following cases in the Eastern District: *Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-318; *Eric Drake v. Travelers Casualty Insurance Co., et al.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-516; *Eric Drake v. Bank of America*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-515; *Eric Drake v. Mary Smith, et al.*, in the United States District Court for the Western District of Texas, Waco Division, Civil Action No. W-12-MC-152; *Eric Drake v. Wendell Withrow, et al.*, in the United States District Court, Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-303; *Eric Drake v. Mercedes Benz U.S.A.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:12-CV-00041; *Eric Drake v. Penske Truck Leasing Co., L.P., Navistar International Corp., and Gallagher Basset Services, Inc.*, in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:11-CV-00183; *Eric Drake v. Penske Truck Leasing Co., L.P.*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:12-CV-264; *In re: Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:11-MC-037; *In re: Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:11-MC-043; *In re Eric Drake*, in the United States District Court for the Eastern District of Texas, Sherman Division, No. 4:16-MC-000371228.

*In re Eric Drake*, No. 2018 WL 912894, at *1 n.2 (E.D. Tex. Jan. 10, 2018), *rec. adopted*, 2018 WL 905560 (E.D. Tex. Feb. 15, 2018).

Because of his vexatious litigation practices, the Eastern District of Texas imposed sanctions against Plaintiff in 2012. Specifically:

> Eric Drake is prohibited from proceeding *in forma pauperis* with any civil action in this court – whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court – unless he first obtains from a district judge of this court leave to proceed *in forma pauperis* in this court. If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Drake seeks, in writing, leave from a district judge of this court to proceed in this court.

*Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, No. 2:11-cv-00318-MHS-CMC, Dkt. No. 11 at 6 (E.D. Tex. Mar. 16, 2012). It appears that Plaintiff initially filed this action in federal court in Illinois in an attempt to circumvent the Eastern District's sanction order.

This Court routinely "honors sanctions imposed by other federal district courts in Texas." *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-cv-327-N, 2008 WL 1970945, at*2 (N.D. Tex. May 5, 2008); *see also Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of a prisoner's federal action based on district court's policy of enforcing sanctions imposed by other federal courts in Texas). Based upon the sanctions previously imposed against Plaintiff by the Eastern District of Texas, this Court concludes that his motion to proceed *in forma pauperis* should be denied, and he should not be

permitted to pursue the instant action until such time as he obtains from a district judge of this court leave to proceed *in forma pauperis* in this court.

III.

The Court recommends that Plaintiff's motion to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice to Plaintiff's re-filing until such time as he obtains from a district judge of this court leave to proceed *in forma pauperis* in this court.

Signed September 14, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).